**Petition for Writ of Mandamus Denied and Majority, Concurring, and Dissenting Opinions filed June 5, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00365-CV

### IN RE EURECAT US, INC., Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-25700**

## CONCURRING OPINION

I join the majority opinion denying relator Eurecat's second petition for writ of mandamus arising from the trial court's Rule 192.4 protective order barring discovery from certain third-party customers, and I add this brief concurring opinion to explain my reasons. When we denied the first mandamus petition, we

held that Eurecat had not established it lacked an adequate remedy by appeal. *In re Eurecat US, Inc.*, 425 S.W.3d 577, 583 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). In particular, we concluded that Eurecat had not clearly established that other discovery was unavailable to support its claims and defenses. *Id.* We also observed that the trial court had ordered real party in interest Chem32 to identify which of Eurecat's existing clients it had also done business with, and that the protective order did not disturb this order. *Id.*

Back in the trial court, Chem32 identified these common customers, and the parties agreed that Chem32 would provide certain discovery regarding those customers. Eurecat also sought reconsideration of the protective order, offering additional arguments for seeking discovery directly from eighty-nine of Eurecat's customers directly. The court denied the motion for reconsideration without providing reasons. As the quote in the dissenting opinion shows, the trial court mentioned at the reconsideration hearing the balancing it had to perform in ruling on the protective order. Eurecat now seeks mandamus relief from the denial of its motion for reconsideration.

For the reasons stated in our previous opinion, I conclude that Eurecat still has not shown that it lacks an adequate remedy by appeal because other discovery is unavailable to support its claims and defenses. *Id*. I also conclude that the arguments raised by Eurecat in this second mandamus petition do not show that the trial court clearly abused its discretion in denying the motion for reconsideration. The arguments Eurecat makes to show a clear abuse of discretion are that: (1) the third-party discovery was reasonably calculated to lead to the discovery of

admissible evidence; (2) there is no evidence to support a protective order; and (3) Chem32 put the third-party customers at issue with its antitrust counterclaim.

I conclude that the first argument, even if true, is not sufficient by itself to show that a protective order was improper. Under Texas Rule of Civil Procedure 192.4(b), discovery "should be limited" if the court determines that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." The Supreme Court of Texas has observed that this balancing can include consideration of the harm a party will suffer from disclosing the discovery sought. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322–23 (Tex. 2009) (orig. proceeding) (noting "the harm that might result from revealing private conversations, trade secrets, and privileged or otherwise confidential communications").[1] The dissenting opinion contends that the trial court's remarks on the record show that it did not perform this balancing properly, but Eurecat has not made that argument, and the trial court's written orders do not support it.

---

[1] Chem32 also argued in response to Eurecat's motion to compel that the discovery sought included trade secrets. In deciding whether to order disclosure of trade secrets, courts likewise balance "the degree of the requesting party's need for the information with the potential harm of disclosure to the resisting party." *In re Cont'l Gen. Tire, Inc.*, 979 S.W.2d 609, 613 (Tex. 1998) (orig. proceeding). My dissenting colleague contends this trade secret argument is no longer relevant to discovery from third-party customers, but Eurecat has confirmed that it intends to ask customers what Chem32 used to sell products and services to customers, which could include trade secrets and confidential information. *Cf.* Tex. Civ. Prac. & Rem. Code § 134A.002(3)(B)(ii) (West Supp. 2013) (recognizing that trade secret can be misappropriated from third party who has duty to maintain its secrecy or limit its use).

I also disagree with Eurecat's second argument that there is no evidence to support a protective order. Our record for this mandamus proceeding includes evidence that the trial court received regarding Eurecat's previous violation of the parties' confidentiality agreement by contacting Haldor Topsoe and urging it not to do business with Chem32. In striking the balance discussed above, the trial court could properly consider this evidence of harm to Chem32 from Eurecat's contact with third-party customers. Eurecat does not argue that if there was evidence to support a protective order, the trial court nevertheless abused its discretion in striking the balance between benefit and burden or harm. Nor does Eurecat argue that the trial court's ruling should be reviewed as a discovery sanction. Thus, I do not consider those issues.

Finally, with respect to Eurecat's third argument that Chem32's antitrust counterclaim put the third-party customers at issue, Chem32 responds that it has narrowed its counterclaim by stipulation so that third-party discovery is not relevant. Given this stipulation, I see no basis to hold that the trial court clearly abused its discretion in denying third-party discovery with respect to the antitrust counterclaim.

For these reasons, I respectfully concur in the denial of Eurecat's petition.

/s/    J. Brett Busby
        Justice

4

Panel consists of Justices Jamison, McCally, and Busby (McCally, J., dissenting).